Felix J. Aulisi, J.
This is an application by the petitioners, the Iver Johnson Sporting Goods Company, Inc., Sanford Properties, Inc., and Grossman’s of New York, Inc., present owners of the real properties formerly of the Bigelow-Sanford Carpet Co., Inc., to declare invalid tax liens on said properties aggregating more than $200,000 and due to be paid during the year 1956.
The petitioners charge that the city treasurer and the Common Council of the City of Amsterdam in adopting and extending the assessment roll in November, 1955, for the levy and collection of the 1956 taxes failed to comply with the provisions of section 84 of the city charter (L. 1911, ch. 242, as amd.) which require that the city treasurer must add the school, State and county taxes and other sums to the annual estimate of the Common Council; apportion and extend opposite the several valuations in the assessment roll the amount thereof; relevy and add to the roll all unpaid water rents and set down in separate columns the amount of each installment as apportioned. When the apportionment and extension are completed the assessment roll shall constitute the tax roll and by resolution, the Common Council shall confirm the same and levy and assess taxes extended thereon. The clerk of the board shall then enter in its minutes the time of such confirmation and thereafter such taxes shall be a lien on real property and a warrant shall be annexed to the tax roll directing the city treasurer to collect such taxes.
It is contended by the petitioners that the Common Council erred in its attempt to adopt and confirm the assessment roll by resolution on November 1, 1955 in accordance with section 84 of the charter for the reason that said roll had been on file in the. city clerk’s office less than 15 days, the minimum required *339 by section 29 of the Tax Law, in that the county budget was not adopted until November 9, 1955, and hence the amount thereof could not have been added to the city tax as stated in said resolution and that the city treasurer had not, on November 1, apportioned the taxes and that said apportionment was actually done by the International Business Machines Corporation on or about November 29,1955. The resolution reads as follows:
“ Whereas, duplicate assessment rolls for the year 1956 each completed, signed and verified by the assessors according to law, have been delivered to the city clerk and a notice of the final completion of such assessment roll having been published and the Board of Supervisors having assessed and levied the county taxes apportioned to the City of Amsterdam, and the city treasurer in compliance with the provisions of section 84 of the city charter, having added the county tax to the city tax with such other sums as may be levied and the city treasurer having relevied unpaid water rents and apportioned the total taxation levied against each separate assessment and set down the amount of each installment thereof, now be it and it is hereby
“ Resolved, that such assessment roll shall be, and hereby is, adopted approved and confirmed as the assessment roll for the levy and collection of the county and city taxes for the year 1956, as provided in said section 84 and said taxes, as apportioned and extended by the city treasurer, are hereby levied and assessed against the several valuations of real and personal property appearing therein, and be it and it is hereby further
“ Resolved, that a warrant be annexed to the tax roll filed with the city treasurer, signed by the mayor under the seal of the City, commanding the city treasurer to collect from the several persons named in said tax roll the respective sums set opposite their respective names.”
Obviously there were irregularities and the petitioners’ argument is not without some merit. I do not believe, however, that in this situation the informalities were of such weight that I would be justified in granting the drastic relief sought.
In their action, the Common Council and city treasurer followed a practice which had been adopted over a period of several years. There can be no doubt that they acted in good faith. We have here no charge of fraud or illegal discrimination and there is nothing to indicate that any substantial or serious injury has resulted to the petitioners.
There is no question that up to October 21, 1955, when the assessment roll was filed with the city clerk, the rights of the taxpayers were protected. Every taxpayer including the Bigelow-Sanford Carpet Co., Inc,, petitioners’ predecessors in title, *340 knew the amount of his assessment. No grievance, no protest or review of any kind was filed or requested by Bigelow or the petitioners until March, 1957, nearly a year and one-half later, and then on the eve of the respondents’ setting up the machinery to sell said properties for the nonpayment of the 1956 taxes.
The petitioners argue that the assessing and levying of taxes upon real property is solely a matter of statutory provision and failure to comply with the statute renders the tax invalid. That is true, but it is my belief that the requirement of the charter is directory and not mandatory, and that the adding of the county tax and the apportionment thereof is a ministerial duty to be performed by the city treasurer. In my opinion, an error or informality in carrying out a ministerial duty, which does not affect the substantial justice of the tax itself, where no advantage is lost, no right is destroyed, and the legislative intent of the statute is carried out, does not invalidate a municipal tax levy.
Speaking for the Court of Appeals in Lancaster Sea Beach Improvement Co. v. City of New York (214 N. Y. 1) Judge Fbedebick Collijst said: ‘ ‘ The power to assess property for the purpose of taxation and to levy taxes is strictly statutory. A substantial compliance with those statutory provisions, defining and regulating the exercise of it, which are of the substance of the procedure and are designed for the protection of the taxpayer and the preservation of his rights, is a condition precedent to the validity of the tax. Those provisions are mandatory. Other provisions, however, are intended to instruct and guide the assessing officers and secure regularity and uniformity of procedure, and are directory and not mandatory unless accompanied by negative or restrictive words importing that the acts prescribed shall not be done in any other manner or time than that designated. The failure to comply strictly with a directory provision does not render the assessment or tax invalid.”
It is conceded here that pursuant to section 83 of the charter the assessors delivered duplicate originals of said assessment roll, each completed, signed and verified to the city clerk on October 21, 1955, and that notice thereof was printed by said assessors in the official newspaper of the city that such assessment roll had been so filed and was open to public inspection.
On November 1,1955, the date of the passing of the resolution by the Common Council it was known by that body that the Board of Supervisors had not yet adopted the county budget and consequently the city treasurer had not had the opportunity to add and apportion the county tax. For all practical purposes, however, the tax roll, having been filed with, the city clerk and notice thereof published, it became the tax roll for the levy and *341 collection of taxes for the following year. All that was then needed was the ministerial acts to put it into effect. It is my opinion that the Common Council intended that the resolution should become effective if and when the county tax had been added and apportionment made. This was done on November 29,1955, and the assessment roll having remained in the office of the city clerk from October 21,1955, to November 29,1955, more than meets the minimum of 15 days required by section 29 of the Tax Law.
I am not impressed with petitioners’ argument that the city treasurer should personally apportion and extend the taxes. Again there is no charge of error or injustice and the charter could not possibly intend that the city treasurer should himself do all the work in his department.
In conclusion, I find that neither Bigelow-Sanford Carpet Co., Inc., nor its successors in title, the petitioners herein, or any other taxpayer, suffered any injury or damage by any act or by the manner or by the procedure taken by the Common Council and the city treasurer, in carrying out the directory provisions of the charter, and therefore the petition should be and is hereby dismissed, without costs.
An order may be submitted accordingly.